IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION No. 16-403-5 |
| | : | |
| v. | : | CIVIL ACTION No. 20-2535 |
| | : | |
| LAMAR GRIFFIN | : | |

### MEMORANDUM

**Juan R. Sánchez, C.J.**                                                                                                                                     **October 31, 2023**

Lamar Griffin has filed a motion under 28 U.S.C. § 2255 alleging his conviction under 18 U.S.C. §§ 924(c) and 2 for using and carrying, and aiding and abetting the use and carrying of, a firearm during a crime of violence is unconstitutional. At issue is whether the predicate offense for Griffin's § 924(c) conviction—completed Hobbs Act robbery—qualifies as a crime of violence after *United States v. Davis*, 139 S. Ct. 2319 (2019). The Third Circuit Court of Appeals has joined the "unanimous Circuit authority" holding it does. *United States v. Stoney*, 62 F.4th 108, 112-13 (3d Cir. 2023). Griffin's motion will therefore be denied.

### BACKGROUND

In December 2017, Griffin was charged in a superseding indictment with one count of Hobbs Act robbery and aiding and abetting, in violation of 18 U.S.C. §§ 1951(a) and 2, and one count of using and carrying, and aiding and abetting the use and carrying of, a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. §§ 924(c) and 2. These charges arose out of Griffin's participation in the armed robbery of a T-Mobile store in Cheltenham, Pennsylvania. Griffin later pled guilty to the charges against him and was sentenced to a total of 132 months of imprisonment—48 months on the robbery count and 84 months on the § 924(c) count, to run consecutively.

In May 2020, Griffin, represented by the Federal Community Defender Office for the Eastern District of Pennsylvania, filed the instant § 2255 motion based on the Supreme Court's then-recent decision in *United States v. Davis*, 139 S. Ct. 2319, 2336 (2019), in which the Court invalidated a portion of the definition of a "crime of violence" under § 924(c) as unconstitutionally vague. Griffin argued that, under *Davis*, his § 924(c) conviction was unconstitutional because the predicate offense for the conviction—Hobbs Act robbery—no longer qualified as a crime of violence under the statute. At Griffin's request, his § 2255 motion was then stayed while this issue was under consideration in the Third Circuit Court of Appeals. *See* ECF Nos. 414 & 434.

On September 27, 2023, Griffin filed a motion to lift the stay and notice of authority governing his § 2255 motion. The filing alerted this Court that the Third Circuit's decision in *United States v. Stoney* had become final and governed his § 2255 motion. Mot. to Lift Stay ¶ 4, ECF No. 448. The Court granted Griffin's motion and lifted the stay on October 2, 2023.

**DISCUSSION**

Under 28 U.S.C. § 2255, a prisoner in federal custody may move to vacate, set aside, or correct the sentence on the ground it "was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). Griffin relies on the first ground, arguing his § 924(c) conviction violates due process of law under *Davis*. Because the record conclusively shows Griffin is not entitled to relief, a hearing is unnecessary in this case. *See id.* § 2255(b).

Section 924(c) "authorizes heightened criminal penalties for using or carrying a firearm 'during and in relation to,' or possessing a firearm 'in furtherance of,' any federal 'crime of

2

violence.'" *Davis*, 139 S. Ct. at 2324 (quoting 18 U.S.C. § 924(c)(1)(A)). The statute defines a "crime of violence" as

> an offense that is a felony and—
>
> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3).

In *Davis*, the Supreme Court held subsection (B) of this definition—§ 924(c)'s "residual clause"—was unconstitutionally vague. 139 S. Ct. at 2336. The validity of Griffin's § 924(c) conviction thus turns on whether the predicate offense of Hobbs Act robbery qualifies as a crime of violence under subsection (A), the statute's "elements clause." *See Stoney*, 62 F.4th at 111 n.2 (recognizing that, after *Davis*, "only § 924(c)(3)(A), the 'elements clause,' contemplates whether a felony offense qualifies as a crime of violence").

In addressing this issue in *Stoney*, the Third Circuit held "a completed Hobbs Act robbery requires proof of 'the use, attempted use, or threatened use of physical force'" and is thus "categorically a crime of violence under § 924(c)(3)(A)." 62 F.4th at 113-14 (quoting 18 U.S.C. § 924(c)(3)(A)). As Griffin acknowledges, "[u]nder *Stoney*, a § 924(c) conviction in which the predicate 'crime of violence' is completed Hobbs Act robbery is valid under *Johnson [v. United States*, 576 U.S. 591 (2015),] and *Davis*." Mot. to Lift Stay ¶ 4, ECF No. 448. Because Griffin's § 924(c) conviction remains valid, his § 2255 motion will be denied.[1] Given the unanimity of

---

[1] More recently, the Third Circuit considered whether aiding and abetting a completed Hobbs Act robbery qualifies as a crime of violence under § 924(c)'s elements clause and again "join[ed] the other circuits that have unanimously reached the . . . conclusion[]" it does. *United States v. Stevens*, 70 F.4th 653, 662 (3d Cir. 2023). Hence, even if the predicate for Griffin's § 924(c)

Circuit authority on this issue, *see Stoney*, 62 F.4th at 113-14, a certificate of appealability shall not issue, as Griffin has not shown reasonable jurists would find the Court's assessment of his constitutional claim debatable or wrong, *see Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

An appropriate order follows.

BY THE COURT:

   /s/ Juan R. Sánchez
  Juan R. Sánchez, C.J.

---

conviction was aiding and abetting Hobbs Act robbery, the conviction would still be valid under *Davis*.